UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| AUDWIN W. PRICE, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 5:11-CV-319-JMH |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| TJX COMPANIES, INC., | ) |
| | ) |
| Defendants. | ) |

** ** ** ** **

This matter is before the Court based upon the parties' failure to meet and file a joint report pursuant to the Court's order of October 20, 2011 and Fed. R. Civ. P. 26. [DE 7]. On November 21, 2011, Defendant filed a timely report indicating that, although it had made several attempts to contact Plaintiff, it had been unable to do so and, as a result, the parties did not participate in a planning meeting. [DE 8]. Additionally, Plaintiff failed to make his initial disclosures prior to the deadline established by the Court. The Court ordered Plaintiff to show cause why this matter should not be dismissed for failure to prosecute. [DE 9]. Plaintiff has responded to the Court's Show Cause Order, [DE 10], and Defendant has moved for leave to file a reply to Plaintiff's response. [DE 11]. For the following reasons, Defendant's motion, [DE 11], will be granted and the Court's Show Cause Order, [DE 9], will be discharged.

As an initial matter, the Court considers Defendant's reply to Plaintiff's response to the Court's show cause order. Because

Defendant's reply provides greater detail concerning the parties'
communications up to this point, it assists the Court in ruling on
this matter and will, therefore, be accepted.[1]

In response to the Court's Show Cause Order, Plaintiff asserts
that the parties' failure to meet was not due to the "negligent or
intentional action" of either party, but rather, due to "limited
mutual availability."[2]  It appears, however, that Plaintiff made
little effort to meet with Defendant prior to the deadline
established by the Court.  Although Defendant made earlier attempts
to arrange a meeting, most of the communication between the parties
took place after the November 21, 2011 deadline.  While the Court
possesses substantial discretion in determining whether to dismiss
an action due to a plaintiff's failure to prosecute the claim or to
otherwise comply with the Court's orders, dismissal is a "harsh
sanction which the court should order only in extreme situations
showing a clear record of contumacious conduct by the plaintiff."
*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th
Cir. 2008).  If Plaintiff believed that the parties would not be

---

[1]  To the extent Defendant has requested that the Court enter
a briefing schedule with respect to its anticipated motion to
dismiss, the Court refers Defendant to the Joint Local Rules for
the United States District Courts of the Eastern and Western
Districts of Kentucky that govern the filing of motions.

[2]  The parties agree that a telephonic planning meeting took
place on or around December 6, 2011.  Further, Plaintiff has
expressed his agreement with the schedule proposed by Defendant in
its initial report.  [DE 8].

able to meet due to "limited mutual availability," the correct course of action would have been to move for an extension of time. Instead, Plaintiff ignored the deadline established by the Court and failed to give any indication as to the status of this matter until the Court issued a Show Cause Order. However, while the Court does not condone Plaintiff's conduct, his actions (or lack of) do not rise to a level of contumacy that warrants dismissal of the action. The Court directs Plaintiff's counsel's attention to Fed. R. Civ. P. 1, the so-called "play nice" rule, with the admonition that this type of conduct should not be repeated.

Accordingly, **IT IS ORDERED:**

1) Defendant's Motion for Leave to File [DE 11] is **GRANTED;** and

2) The Show Cause Order of November 22, 2011 [DE 9] is **DISCHARGED.**

This the 21st day of December, 2011.



Signed By:

_Joseph M. Hood_

Senior U.S. District Judge