```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| AUDWIN W. PRICE,                )  | |
| )  | |
| Plaintiff,           )  | Action No. 5:11-cv-319-JMH |
| )  | |
| v.                              )  | |
| )  | |
| TJX COMPANIES, INC.,            )  | **MEMORANDUM OPINION AND ORDER** |
| )  | |
| Defendant.           )  | |
| )  | |

```
              **    **   **   **   **
```

This matter is before the Court of upon Defendant's motion for judgment on the pleadings, styled a motion to dismiss Plaintiff's Complaint in part pursuant to Federal Rule of Civil Procedure 12(c). [DE 18]. Plaintiff failed to file a timely response and, because he did not provide good cause for this failure, his motion for an extension of time to respond was denied. [*See* DE 21, 23]. Having reviewed the record and being otherwise adequately advised, the Court is prepared to rule on Defendant's motion. For the following reasons, Defendant's motion will be granted.

**I.   BACKGROUND**

This matter arises from Plaintiff Audwin Price's ("Plaintiff" or "Price") employment relationship with Defendant TJX Companies, Inc. ("Defendant" or "TJX"). Plaintiff reports that he was employed as a sales associate in Defendant's retail store beginning in 1998. At some point during his employment,

Plaintiff began to feel that at least one supervisor and some co-workers were discriminating against him based on his gender and sexual orientation. He also claims that, in response to his requests for promotion, Defendant retaliated against him for having complained of discrimination. On June 2, 2010, Plaintiff's employment was terminated based on an alleged violation of company policy. Plaintiff claims that his employment was actually terminated due to his gender and sexual orientation, as well as the fact that he had complained of discrimination.[1]

On July 13, 2010, Plaintiff filed a charge of discrimination with the Lexington-Fayette Urban County Human Rights Commission ("the Commission"), alleging that, on June 2, 2010, Defendant discriminated against him based on race and sex in violation of Title VII of the Civil Rights Act and Local Ordinance 199-94.[2] On December 29, 2010, after investigating Plaintiff's claims, the Commission dismissed Plaintiff's charge based on its finding of no probable cause that Defendant had violated the anti-discrimination laws. Plaintiff appealed that finding to the Commission and, on February 28, 2011, following further investigation, the Commission denied Plaintiff's appeal

---

[1] In the Charge of Discrmination that Plaintiff filed with the Lexington-Fayette Urban County Human Rights Commission, he cited "race, white" and "sex, male" as the bases for discrimination.

[2] While Plaintiff's Charge specifically alleged violations of Title VII and a local anti-discrimination ordinance, the Commission investigates any possible violations of "statute[s] enforced by the Commission," which includes the KCRA. *See* www.lfuchrc.org; KRS 344.310.

and dismissed his case. *See* DE 18-5. On September 12, 2011, Plaintiff filed suit in Fayette County, Kentucky Circuit Court, asserting a variety of state law claims against Defendant, including violations of the Kentucky Civil Rights Act, KRS § 344.040. On October 3, 2011, Defendant filed a timely notice of removal based on this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." The standard for ruling upon motions to dismiss under Rule 12(c) is the same standard applicable to motions to dismiss filed pursuant to Rule 12(b)(6). *See Lindsay v. Yates,* 498 F.3d 434, 437 (6th Cir. 2007). The Court will view the complaint in the light most favorable to the plaintiff and must accept as true "well-pleaded facts" set forth in the complaint. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais & Co.,* 108 F.3d 86, 88 (6th Cir. 1997). If it appears beyond doubt that the plaintiff's complaint does not state facts sufficient to "state a claim to relief that is plausible on its face," then

3

the claims must be dismissed. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Weisbarth v. Geauga Park Dist.,* 499 F.3d 538, 542 (6th Cir. 2007). Further, the complaint must establish "enough fact to raise a reasonable expectation that discovery will reveal evidence" to show the averments are factually plausible. *Twombly,* 550 U.S. at 556. While the Court presumes all factual allegations to be true and makes all reasonable inferences in favor of Plaintiff, the Court does not have to accept "unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield,* 552 F.3d 430, 434 (6th Cir. 2008)(citations omitted).

Despite Plaintiff's failure to respond to Defendant's motion to dismiss, the Court's inquiry remains the same. *See Carver v. Bunch,* 946 F.2d 451, 455 (6th Cir. 1991). Defendant's burden remains unchanged, as well – it still bears the burden of demonstrating that Plaintiff has failed to state a claim for relief. *Id.* This Court will not grant Defendant's motion unless the Court "conclude[s] beyond a doubt that the plaintiff can prove no set of facts in support of his claim[s] which would entitle him to relief." *City of Monroe Employees Retirement Sys. v. Bridgestone Corp,* 399 F.3d 651, 664-65 (6th Cir. 2005).

**III. DISCUSSION**

    **A.    Discrimination Based on Sex**

4

In *Vaezkoroni v. Domino's Pizza, Inc.*, 914 S.W.2d 341 (Ky. 1995), a case analagous to the one at bar, the Kentucky Supreme Court held that a finding of "No Probable Cause" by the Lexington-Fayette Urban County Human Rights Commission on a charge of national origin discrimination barred a subsequent state court claim under the KCRA based on same allegation. In so holding, the Court noted that "[t]he Act provides alternative sources of relief, one administrative and one judicial." *Id.* at 342 (citing *Meyers v. Chapman Printing, Co.*, 840 S.W.2d 814, 820 (Ky. 1992)); KRS § 344.270. As the Kentucky Supreme Court explained, "[I]t is absurd to assume that an individual could in fact have the opportunity to choose between local or state administrative remedies and then still have the option of judicial relief." *Id.* Prior to bringing the instant action, Plaintiff filed a charge of sex discrimination with the Lexington-Fayette Human Rights Commission, upon which the Commission issued a finding of no probable cause. The Commission subsequently denied Plaintiff's appeal and its adverse decision became final. It is, therefore, clear that Plaintiff chose to seek an administrative remedy and that he pursued it to its conclusion.

Further, Plaintiff's claim of sex discrimination, if construed as an appeal of the Commission's decision, would necessarily fail because it was not filed in circuit court in a

5

timely manner. *See* KRS § 13B.140 ("A party shall institute an appeal by filing a petition in the Circuit Court of Venue . . . within thirty (30) days after the final order of the agency is mailed or delivered by personal service."). While the Commission issued its final order on February 28, 2011, Plaintiff did not institute his case in Fayette Circuit Court until September 11, 2011. Accordingly, whether construed as an original cause of action or an appeal of the Commission's decision, Plaintiff was barred from bringing the sex-discrimination claim in Fayette Circuit Court and is, therefore, barred from bringing it here. Plaintiff's claim of sex discrimination will be dismissed.

**B. Discrimination Based on Sexual Orientation**

Plaintiff alleges that Defendant unlawfully discriminated against him based on his sexual orientation. The Kentucky Civil Rights Act, however, does not prohibit employment discrimination on the basis of sexual orientation. *See* KRS 344.040; *Pedreira v. Ky. Baptist Homes for Children, Inc.*, 579 F.3d 722, 727 (6th Cir. 2009). And while Lexington-Fayette Urban Government Ordinance 201-99 does prohibit such discrimination, it does not create a private right of action in a court of law for violations of the Ordinance. *See Roberson v. Brightpoint Servs., LLC,* Action No. 3:07-cv-501-S, 2008 WL 793636, at *2

6

(W.D. Ky. March 24, 2008). Accordingly, Plaintiff's claims for discrimination based on sexual orientation will be dismissed.

**C. Negligent Hiring, Retention, and Entrustment**

In his Complaint, Plaintiff avers that "Defendant knew that certain of its employees had a reputation of misconduct such that it was negligent to hire, retain and entrust them in high ranking positions." Because Plaintiff fails to aver facts sufficient to support a claim under any of these theories, these claims will be dismissed.

Under Kentucky law, the elements for a negligent hiring/retention claim require a plaintiff to show that: "(1) the employer knew or reasonably should have known that the employee was unfit for the job for which he was employed, and (2) the employee's placement or retention at that job created an unreasonable risk of harm to the plaintiff." *Stalbosky v. Belew,* 205 F.3d 890, 894 (6th Cir. 2000)(citing *Oakley v. Flor-Shin Inc.,* 964 S.W.2d 438, 442 (Ky. Ct. App. 1998)). The employer is liable only if it knew or should have known of the threat posed by the employee but failed to take remedial measures to ensure the safety of others. *Airdrie Stud, Inc. v. Reed,* Nos. 2001-CA-001397-MR, 2001-CA-001396-MR, 2002-CA-000357-MR, 2003 WL 22796469, at *1 (Ky. Ct. App. Nov. 26, 2003). Plaintiff avers that, "Defendant failed or refused to assist [him]," and that "Defendant encouraged and failed to prevent

7

abusive and unlawful treatment that [he] received from various co-workers." Other than a vague assertion regarding unnamed employees' "reputation of misconduct," Plaintiff has failed to make any allegations that TJX knew or should have known that any employees were unfit for duty or that they created an unreasonable risk of harm to Plaintiff at the time they were hired. For similar reasons, Plaintiff's claim for negligent retention also fails. Plaintiff provides no specific facts to support a claim under either of these theories and has provided no more than a formulaic recitation of the elements required for these claims.

The Court finds Plaintiff's claim for negligent entrustment equally implausible. In Kentucky, the common law theory of negligent entrustment is that "one who entrusts his vehicle to another whom he knows to be inexperienced, careless, or reckless, or given to excessive use of intoxicating liquor while driving, is liable for the natural and probable consequences of the entrustment." *McGrew v. Stone,* 998 S.W.2d 5, 9 (Ky. 1999). While Kentucky case law does not foreclose the possibility that claims for negligent entrustment may extend beyond those situations involving inherently dangerous instrumentalities such as motor vehicles and firearms, *see Spivey v. Sheeler,* 514 S.W.2d 667 (Ky. 1974)(use of firearm by a child may support claim for negligent entrustment), it is clear that Plaintiff has

8

failed to plead facts that might support a claim here. Accordingly, Plaintiff's claims for negligent hiring, retention, and entrustment will be dismissed.

**D. Intentional Infliction of Emotional Distress**

Plaintiff avers that as a result of Plaintiff's "outrageous conduct," he has suffered "incredible personal and professional embarrassment, humiliation, and physical and mental pain and other suffering." The tort of intentional infliction of emotional distress ("IIED"), or outrage, was first recognized by the Kentucky Supreme Court in *Craft v. Rice,* 671 S.W.2d 247 (Ky. 1984). There, the Court adopted Section 46 of the Restatement (Second) of Torts, which defines IIED as follows: "(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." *Id.* at 251. The tort of IIED, however, acts as a gap-filler to provide a remedy when other means of redress are not available. *See Brewer v. Hillard,* 15 S.W.3d 1, 8 (Ky. Ct. App. 1999). Moreover, Kentucky courts have held consistently that, where an employee pursues relief under the KCRA, claims of IIED based on the same employer conduct are barred. *See e.g., Kroger Co. v. Buckley,* 113 S.W.3d 644, 646 (Ky. Ct. App. 2003)(citing *Wilson v. Lowe's Home Center,* 75 S.W.3d 229 (Ky. Ct. App. 2001)) ("[W]hen a plaintiff

prosecutes a KRS Chapter 344 claim and an outrageous conduct claim concurrently, the former preempts the latter."); *Wilson v. Lowe's Home Center,* 75 S.W.3d 229, 239 (Ky. Ct. App. 2001)(citing *Grzyb v. Evans,* 700 S.W.2d 399, 401 (Ky. 1985)); *Messick v. Toyota Motor Manuf., Ky., Inc.,* 45 F. Supp. 2d 578, 582 (E.D. Ky. 1999)(declined to follow on other grounds by *Layne v. Huish Detergents, Inc.,* 40 F. App'x 200, 207-8 (6th Cir. 2007)). Thus, because Plaintiff pursues claims under the KCRA, his claim for intentional infliction of emotional distress is barred and will be dismissed.[3]

### E. Libel, Slander, and False Light/Invasion of Privacy

In his Complaint, Plaintiff alleges that "Defendant's statements and related conduct represent, among other things, libel, libel *per se,* slander, and slander *per se*[]" and that "Defendant's statements placed Plaintiff in a false light . . . ." (emphasis in Complaint). Even construing Plaintiff's Complaint liberally, however, these claims are barred by the

---

[3] The Court adds that only conduct that is truly egregious, exceeding all bounds of decency, supports a claim for IIED. *See Brewer v. Hillard,* 15 S.W.3d 1, 6-7 (Ky. Ct. App. 1999). Although the ultimate question with respect to outrage rests with the jury, the Court must first determine, as a matter of law, whether the conduct at issue reasonably may be considered outrageous. *Stringer v. Wal-Mart Stores, Inc.,* 151 S.W.3d 781, 788-89 (Ky. 2004). The Court concludes that Defendant's actions, as averred by Plaintiff, do not constitute conduct that the law is prepared to recognize as outrageous. *See Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 437 (6th Cir. 1988) ("When a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.").

applicable one-year statute of limitations and will be dismissed.[4]

In support of his defamation and false light claims, Plaintiff offers only the following facts: During his employment, he was referred to as "special" in a demeaning manner and that a manager called him a "fag," and "made various other discriminatory and retaliatory comments." Plaintiff's employment was terminated on June 2, 2010.[5] Construing the Complaint in a light most favorable to Plaintiff, there is no indication that any defamatory statements were made following the termination of Plaintiff's employment. Plaintiff filed the instant action in Fayette County Circuit Court on September 12, 2011. Because the action was not commenced within one year of the only alleged publication of defamatory statements and false

---

[4] KRS 413.140 provides that an action for libel or slander shall be commenced within one year after the cause of action accrues. *See Caslin v. Gen. Elec. Co.,* 608 S.W.2d 69, 70 (Ky. Ct. App. 1980)(publication of alleged libelous matter commences running of the one-year statute of limitations.); *see also Branham v. Micro Computer Analysts,* 350 F. App'x 35, 37-38 (6th Cir. 2009)(one-year statute of limitations applies to false light/invasion of privacy claims that spring from same acts underlying claims of defamation).

[5] In the Charge of Discrimination filed with the Lexington-Fayette Human Rights Commission, Plaintiff provides June 2, 2010 as the date that he was terminated from his position with Defendant. He also provides June 2, 2010, as both the earliest and latest date that the alleged discrimination took place. As this is a matter of public record, the Court may consider this information without converting Defendant's motion to dismiss into a motion for summary judgment. *See Armengau v. Cline,* 7 F. App'x 336, 344 (6th Cir. 2001); *Radaszewski ex rel. Radaszewski v. Maram,* 383 F.3d 599, 600 (7th Cir. 2004)(taking judicial notice of administrative findings regarding plaintiff's medical status); *Moses v. U.S. Steel Corp.,* 2:11-cv-385-PRC, 2012 WL 1066769, at *1 (N.D. Ind. March 28, 2012)(court took notice of and considered Charge of Discrimination filed with EEOC when ruling on Defendant's motion to dismiss pursuant to Rule 12(b)(6)).

11

light/invasion of privacy, these claims fail as a matter of law and shall be dismissed.

### F. Interference with Contractual Relations/ Prospective Advantage

To establish tortious interference with a contract, Plaintiff must show, among other things, the existence of a contract. *See Snow Pallet, Inc. v. Monticello Banking Co.,* No. 2011-CA-000696-MR, 2012 WL 1370878, at *4 (Ky. Ct. App. April 20, 2012)(unpublished opinion)(citing *Ventas, Inc. v. Health Care Property Investors, Inc.,* 635 F. Supp. 2d 612, 619 (W.D. Ky. 2009). Plaintiff's Complaint fails to allege the existence of any contract with which Defendant allegedly interfered or any other facts that support a claim for contractual interference. The same is true of Plaintiff's claim of tortious interference with a prospective business advantage. Plaintiff has failed to aver any facts that could, by any stretch of the imagination, satisfy the elements required to establish that tort. *See id.* (citing *Monumental Life Ins. Co. v. Nationwide Retirement Solutions, Inc.,* 242 F. Supp. 2d 438, 450 (W.D. Ky. 2003)(describing elements required to establish interference with prospective advantage)). Accordingly, Plaintiff's claims for contractual interference and tortious interference with a prospective business advantage will be dismissed.

### G. Plaintiff's Claims Under KRS §§ 161 and 338

While Plaintiff asserts that TJX violated Chapters 161 and 338 of the Kentucky Revised Statutes, his Complaint is devoid of any facts that would support a claim under either of these chapters. KRS Chapter 161 is entitled "School Employees; Teachers' Retirement and Tenure." Plaintiff avers no facts to suggest that Defendant is a school or educational institution of any kind. Chapter 338 – "Occupational Safety and Health of Employees" addresses occupational accidents and diseases that produce personal injury and illness. *See* KRS 338.011. KRS 338.031(1)(a) requires an employer to "furnish to each of his employees employment and a place of employment which are free from recognized hazards that are causing or are likely to cause death or serious physical harm to his employees . . . ." Plaintiff's Complaint alleges no physical safety issue and there is no suggestion that he was exposed to hazards capable of causing bodily injury. Accordingly, Plaintiff's claims under Sections 161 and 338 of the Kentucky Revised Statutes will be dismissed.

**H. Retaliation**

In his Complaint, Plaintiff claims that Defendant retaliated against him for complaining of discriminatory conduct. Based on the record before the Court, it is clear that any alleged retaliation necessarily took place before Plaintiff filed his charge of discrimination with the Human Rights

13

Commission, since Plaintiff did not file the charge until after his employment was terminated. The Charge of Discrimination form that Plaintiff filed with the Commission listed "Retaliation" among the possible bases for discrimination. Further, the form directed the filer to "Check appropriate box(es)." While Plaintiff checked the boxes for race and sex, he did not check the box for retaliation. This Court is of the opinion that Plaintiff cannot split his cause of action by bringing a separate legal claim for retaliation based on the same underlying facts. As the purported retaliation arises out of the same facts and circumstances as the allegations listed in the charge of discrimination, nothing precluded Plaintiff from pursuing the claim for retaliation with the Commission. Kentucky courts have long recognized that parties may not split their causes of action. "[I]f a cause of action should have been presented and the party failed to do so and the matter should again arise in another action, it will be held that the first action was res judicata as to all other causes that should have properly been presented." *Newman v. Newman,* 451 S.W.2d 417, 419 (Ky. 1970)(citing *Hays v. Sturgill,* 193 S.W.2d 648 (Ky. 1946)); *see also Taylor v. Am. Std., Inc.,* Civ. A. No. 87-51, 1987 WL 56672 (E.D. Ky. April 30, 1987)(Plaintiff was barred from asserting age discrimination claim not cited in charge of discrimination).

14

Case: 5:11-cv-00319-JMH-REW   Doc #: 26   Filed: 05/02/12   Page: 15 of 15 - Page ID#: 370

## III. CONCLUSION

For the reasons set forth above, it is hereby **ORDERED**:

1) that Defendant's construed motion for judgment on the pleadings [DE 18] is **GRANTED**. Accordingly, the following claims are **DISMISSED**:

   a) Discrimination based on sex/gender;

   b) Discrimination based on sexual orientation;

   c) Negligent hiring, retention, and entrustment;

   d) Intentional Infliction of Emotional Distress/Outrage;

   e) Libel, Libel Per Se, Slander, Slander Per Se, False Light/Invasion of Privacy;

   f) Interference with Contractual Relations, Tortious Interference With Prospective Business Advantage; and

   g) Claims under Kentucky Revised Statutes Chapters 161 and 338.

2) Plaintiff is directed to **SHOW CAUSE** on or before **May 16, 2012,** why his claim for retaliation should not be dismissed and why this matter should not be dismissed in its entirety.

This the 2nd day of May, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge