```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON

AUDWIN W. PRICE,                )
                                )
     Plaintiff,                 )   Action No. 5:11-cv-319-JMH
                                )
v.                              )
                                )
TJX COMPANIES, INC.,            )   MEMORANDUM OPINION AND ORDER
                                )
     Defendant.                 )
                                )

                       **    **   **   **    **
```

This matter is before the Court upon its own motion. As discussed in the Court's Memorandum Opinion and Order filed contemporaneously herewith, Plaintiff has averred certain claims against Defendant, which the Court finds to be utterly without merit. Upon a review of Attorney J. Robert Cowan's filings with this Court, the Court found that in the two other cases Attorney Cowan has prosecuted before the Court, the Complaints also averred claims against the defendants under KRS §§ 161 and 338, despite the fact that the claims did not involve educational institutions or workplace safety. In both cases, the Court pointed out to Counsel that these Chapters of the KRS were inapplicable and yet, inexplicably, he continues to assert claims under these Chapters with no factual support. *See Hall v. Bruner, et al.*, Civil Action No. 11-266-JBC, 2012 WL 169959, at *1 (E.D. Ky. Jan. 18, 2012); *Warner v. Bob Evans Farms, Inc.,*

Civil Action No. 5:09-cv-63-KKC, 2010 WL 1451354, at *6 (E.D. Ky. April 8, 2010).

Title 28 of the United States Code, § 1927, "is designed as a sanction against dilatory litigation practices and is intended to require an attorney to satisfy personally the excess costs attributable to his misconduct." *In re Ruben,* 825 F.2d 977, 983 (6th Cir. 1987). Through the imposition of sanctions pursuant to § 1927, courts recognize that sometimes it is plaintiff's counsel, rather than the plaintiff himself, who is responsible for unreasonable or vexatious litigation. *See Dixon v. Clem*, No. Civ. A. 605-466-DCR, 2006 WL 751235, at *2 (E.D. Ky. March 21, 2006). An attorney's intentional pursuit of what he knows to be meritless claims clearly falls within the scope of conduct that § 1927 is designed to deter. *Garner v. Cuyahoga Cnty. Juvenile Ct.,* 554 F.3d 624, 645 (6th Cir. 2009). Despite previous admonitions from the Court as to the baseless nature of these claims, Attorney Cowan persists in filing them and, in doing so, requires defendants to expend resources defending them. The Court points out that a showing of bad faith is not required for the imposition of sanctions under § 1927. *Ridder v. City of Springfield,* 109 F.3d 288, 298 (6th Cir. 1997). Rather, sanctions under this section are appropriate "when an attorney knows or reasonably should know that a claim pursued is frivolous . . . ." *Id.* When Attorney Cowan filed the Complaint

2

at hand, he certainly should have known that claims under KRS §§ 161 and 338 were frivolous. As a result, his conduct "falls short of the obligations owed by a member of the bar to the court" and sanctions are appropriate. *In re Ruben,* 825 F.2d at 984.

Accordingly, **IT IS ORDERED** that Attorney J. Robert Cowan is hereby directed to **SHOW CAUSE on or before May 23, 2012,** why he should not be sanctioned pursuant to 28 U.S.C. § 1927 for Defendant's costs, expenses, and attorneys' fees reasonably incurred because of Plaintiff's claims under KRS §§ 161 and 338.

This the 2nd day of May, 2012.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

3