UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| AUDWIN PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | Action No. 5:11-cv-319-JMH |
| | ) | |
| v. | ) | |
| | ) | |
| TJX COMPANIES, INC., | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

On May 2, 2012, the Court issued a Memorandum Opinion and Order in which it granted Defendant's motion to dismiss most of Plaintiff's claims and ordered Plaintiff to show cause why his claim for retaliation should not be similarly dismissed, as well as the action in its entirety. [DE 26]. On that same day, the Court ordered Attorney J. Robert Cowan, counsel for Plaintiff, to show cause why he should not be sanctioned pursuant to 28 U.S.C. § 1927 for asserting frivolous claims on Plaintiff's behalf. [DE 27]. Responses to both of these Orders have been filed, [DE 30, 32] and this matter is ripe for review.[1] For the following reasons, Plaintiff's retaliation claim will be dismissed, and Attorney Cowan will be subject to sanctions.

---

[1] The Court notes that neither filing was timely. While Plaintiff's response to the Court's initial Show Cause Order was due on or before May 16, 2012, Plaintiff did not file it until after midnight on May 17. Plaintiff's response to the second Show Cause Order was due on or before May 23, 2012, but was not filed until May 25, due to Counsel's purported "calendar error." While the Court will consider Plaintiff's untimely filings, Counsel should be warned that the Court may not be so lenient with respect to future filings.

I.   **Dismissal of Plaintiff's Claims**

Plaintiff has raised several arguments that are not responsive to the Court's Show Cause Orders.   Rather, he has spent the bulk of the pages filed making arguments directed to issues already resolved by the Court.   Insofar as these are issues upon which the Court has already ruled, these portions of Plaintiff's responses will be construed as a motion for relief under Fed. R. Civ. P. 54(b).   *See Rodriguez v. Tennessee Laborers Health & Welfare Fund,* 89 F. App'x 949, 959 (6th Cir. 2004)(unpublished opinion)("District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment.")   Justification for reconsidering an interlocutory order exists where there is "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice."   *Id.* While Plaintiff does not address any of these bases explicitly, he apparently argues that reconsideration is necessary based on clear error in the Court's Memorandum Opinion and Order of May 2, 2012 [DE 26] and/or that reconsideration is necessary to prevent manifest injustice.   For the following reasons, Plaintiff's request for relief will be denied.

## A.    Claims Under the Kentucky Civil Rights Act

Despite Plaintiff's insistence to the contrary, his Complaint – with respect to his claims under the Kentucky Civil Rights Act – was not timely filed in Fayette Circuit Court. While Plaintiff apparently believes that the Complaint filed in Circuit Court is legally unrelated to the charge filed with the Lexington-Fayette Urban County Human Rights Commission ("Commission") on July 13, 2010, the fact is that both the Complaint and the charge are based on the same underlying circumstances.  As the Court stated in its previous Opinion, Plaintiff's KCRA claims cannot succeed as an original action because, based on Plaintiff's charge and the Commission's no-probable-cause finding, Plaintiff elected an administrative remedy and pursued it to its conclusion.[2]  Likewise, Plaintiff's Complaint – with respect to the KCRA claims – fails as an appeal of the Commission's decision because it was not filed in Circuit Court within the thirty-day period for appealing administrative decisions, as provided by Kentucky Revised Statutes § 13B.140.[3]

---

[2]  The Court, once again, directs Plaintiff's attention to *Vaezkoroni v. Domino's Pizza, Inc.,* 914 S.W.2d 341 (Ky. 1995), in which the Kentucky Supreme Court explained Kentucky's "election of remedies" doctrine under circumstances analogous to those in the case at hand.

[3]  Based on Plaintiff's response, it appears that Plaintiff originally attempted to file his current Complaint with the Commission.  The Court points out that, even if Plaintiff were permitted to file another charge with the Commission based on the same underlying facts, his attempted filing with the Commission would have been untimely as well, since the Commission requires that aggrieved parties file charges of employment discrimination within 180 days after the alleged unlawful act.  *See* Lexington-Fayette Urban

3

While Plaintiff maintains that the case *sub judice* was instituted in a timely manner, he alternatively contends that the Court should apply equitable tolling to bring his appeal of the Commission's decision within the applicable statute of limitations. And while Plaintiff cites the five factors generally considered in determining whether the doctrine should apply, he has failed to demonstrate that any of the factors weighs in his favor.[4] *See Barry v. Mukasey,* 524 F.3d 721, 724 (6th Cir. 2008)(describing the five non-exclusive factors for determining whether equitable tolling is appropriate). For instance, the approximate six-month span between the Commission's issuance of its final decision and Plaintiff's pursuit of his current Complaint suggests that he was not diligent in asserting his rights. *See id.* Further, Plaintiff has not stated that he did not have actual notice of the time restraint placed on his ability to seek judicial appeal. And even if Plaintiff did not have actual notice of the thirty-day limitation, his ignorance of the law – particularly ignorance

---

County Government Ordinance No. 190-83, § 1, 10-6-83; Ord. No. 166-92, § 2, 9-17-92; Ord. No. 199-94, § 2, 10-6-94.

[4] Plaintiff cites case law in support of the notion that equitable tolling may be appropriate in situations in which the plaintiff was unaware of his cause of action due to the defendant's misleading actions or where the plaintiff's physical or mental impairments prevented him from proceeding in a timely fashion. *See* Plaintiff's Response [DE 30, at 3](citing *Miller v. Int'l Tel. & Tel. Corp.,* 755 F.2d 20, 24 (2d Cir. 1985); *Brown v. Parkchester S. Condominiums,* 287 F.3d 58, 60 (2d Cir. 2002)). The Court is puzzled as to Plaintiff's rationale, as he makes no allegation whatsoever that any of these situations are presented in this case.

spanning a six-month period – does not warrant the application of equitable tolling. *See Burus v. Wellpoint Co., Inc.,* 434 F. App'x 475, 480 (6th Cir. 2011)(unpublished opinion)(citing *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir. 1991)). While Plaintiff may feel that this is an unusual situation, the procedural history of this matter is largely unremarkable. The procedures for filing a Charge of Discrimination with the Commission and subsequently seeking judicial review of the Commission's decision are set forth plainly in the applicable ordinances and statutes. *See* LFUCG Ord. No. 109-83 § 1, 10-6-83; Ord. No. 166-92 § 2, 9-17-92; Ord. No. 199-94 § 2, 10-6-94; KRS § 344.200; KRS § 13B.140.

**B.   Plaintiff's Claim for Retaliation Under the KCRA**

In urging the Court not to dismiss his KCRA claim for retaliation, Plaintiff reminds the Court that he was acting pro se when he filed his charge of discrimination with the Commission.[5]   Accordingly, he argues, his charge should be construed broadly.   The Court agrees that charges of discrimination, whether filed with a local or state agency, or with the EEOC, are to be interpreted liberally, giving the charging party the benefit of any reasonable doubt. *See Spengler v. Worthington Cylinders,* 615 F.3d 481, 490 (6th Cir.

---

[5] The Court notes that Plaintiff was represented by present counsel as early as February 1, 2011, as Plaintiff has filed in the record his administrative appeal, which was prepared by Attorney Cowan and filed with the Commission on that date.

2010). Plaintiff's own argument works against him, however. If the Court construes the charge filed with the Commission to have included a claim for retaliation, Plaintiff is barred from bringing the retaliation claim here for the same reasons discussed above – i.e., because he elected an administrative remedy or because he did not appeal the Commission's final decision within the time permitted. Moreover, a recent Sixth Circuit opinion sheds light on the fact that Plaintiff's retaliation claim is barred by KRS § 344.270 – Kentucky's "election of remedies" provision. In *Herrera v. Churchill McGee, LLC,* No. 10-5421, 2012 WL 1700381 (6th Cir. May 16, 2012), the plaintiff filed suit against his former employer, alleging discrimination and retaliation under state and federal law after having previously filed an administrative complaint, based on the same underlying facts, with a county human rights commission. The county commission had issued a no probable cause finding and Plaintiff did not seek judicial review. Despite the fact that he had not checked the box for retaliation, the Court found that he was barred from bringing his retaliation claim under the KCRA. The Court cited KRS § 344.270, which provides, "[A] final order of the commission of a claim alleging an unlawful practice under KRS 344.450 shall exclude any other administrative action or proceeding brought in accordance with KRS Chapter 13B by the same person based on the

6

same grievance." *Id.* at *4. Based on the Court's analysis, it is clear that "the same grievance" is not limited to the same precise bases for discrimination alleged within a charge but, rather, applies to the underlying facts on which the charge is based. Here, it is clear that Plaintiff's Complaint is based upon the same set of facts as the charge he filed with the Commission. Accordingly, he is barred from asserting the retaliation claim because he elected to pursue administrative remedies.[6]

### C.   Defamation and Invasion of Privacy

Plaintiff urges the Court to reconsider its dismissal of his claims for invasion of privacy and defamation. In an apparent effort to revive his claim for invasion of privacy, Plaintiff cites the case of *Greenwood v. Taft, Stettinius and Hollister,* 663 N.E.2d 1030 (Ohio Ct. App. 1995), which mentioned, in dicta, that a reasonable employee may be offended by an employer's "outing," of the employee, if sexual orientation was something that the employee had chosen to keep private. Plaintiff, however, does not allege in his Complaint, or in his response, for that matter, that Defendant "outed" him

---

[6] In his Response to the Court's second Show Cause Order, Plaintiff attempts to restyle his sexual discrimination claim as a claim for sexual harassment. Because these claims arise from the same set of circumstances, the election of remedies doctrine also applies to bar any late-breaking efforts to complain of sexual harassment.

or otherwise invaded his privacy.  Accordingly, the Court will
not reconsider its ruling as to this claim.

Plaintiff also contends, for the first time, that Defendant
defamed him by contesting his application for unemployment
benefits, thereby placing defamatory statements about him in the
public domain.  While plaintiffs are not required to plead
detailed factual allegations, *see HDC, LLC v. City of Ann Arbor,*
675 F.3d 608, 614 (6th Cir. 2012), Plaintiff's Complaint herein
averred no facts to sustain a timely action for defamation.  *See*
Court's May 2, 2012 Memorandum Opinion and Order [DE 26 at 10-
11].  Plaintiff now brings to light new allegations to support
his defamation claim – "facts" that could not have been
reasonably inferred from his Complaint.  Even if the Court
permitted an amendment of the Complaint and considered the new
basis for the defamation claim, the Court is of the opinion that
the action was not commenced within the applicable one-year
statute of limitations.

The Division of Unemployment decision filed in the record
by Plaintiff [DE 20-3, at 9] indicates that, based upon
Defendant's allegations of misconduct, Plaintiff was denied
unemployment benefits on July 2, 2010.  On July 16, 2010,
Plaintiff appealed the adverse decision.  Defendant did not
contest Plaintiff's appeal and unemployment benefits were
awarded to Plaintiff.  Plaintiff does not allege that any other

8

defamatory statements were made, other than Defendant's placing the initial statements "in the public domain." Based on the information filed in the record by Defendant, it appears that the initial publication of any defamatory statements necessarily occurred before July 16, 2010 – the date on which Plaintiff filed his appeal with the Division of Unemployment. *See id.* Because Plaintiff's Complaint was not filed until September 12, 2011, the one-year statute of limitations had already elapsed.

Further, the so-called "single publication rule" forecloses Plaintiff's argument regarding Defendant's republication by placing the statements in the public domain. Under this rule, "any form of mass communication or aggregate publication . . . is a single communication and can give rise to only one action for libel." *In re Davis,* 347 B.R. 607, 611 (W.D. Ky. 2006)(citing *Mitan v. Davis,* 243 F. Supp. 2d 719, 722 (W.D. Ky. 2003); Restatement (Second) of Torts § 577A). Accordingly, the statute of limitations is triggered at the time of the initial publication. *See id.; Caslin v. Gen. Elec. Co.,* 608 S.W.2d 69, 70 (Ky. Ct. App. 1980)("[I]t is the publication of the alleged libelous matter that causes the defamation or injury thus commencing the running of the one year statute of limitations . . . ."). The rule has been applied to "the publication of an edition of a book or periodical, or the broadcast of a single radio or television program," and the United States District

9

Court for the Western District of Kentucky has predicted that Kentucky courts would also apply the single-publication rule to material published on the internet. *See Davis,* 347 B.R. at 611; *Mitan,* 243 F. Supp. 2d at 722-24. This Court agrees and adds that Kentucky courts would likely apply the rule to matters in "the public domain," as well.

The Court is mindful that its consideration of materials outside of the pleadings may convert Defendant's motion for judgment on the pleadings into a motion for summary judgment. *See Weiner v. Klais & Co., Inc.,* 108 F.3d 86, 88-89 (6th Cir. 1997). It is within the Court's power, however, to make such a conversion sua sponte, as long as Plaintiff is given "ten-days notice and an adequate opportunity to respond." *Tackett v. M & G Polymers, USA, LLC,* 561 F.3d 478, 487 (6th Cir. 2009)(quoting *Yashon v. Gregory,* 737 F.2d 547, 552 (6th Cir. 1984)). Accordingly, Plaintiff will be given ten days to demonstrate to the Court that a genuine issue of material fact exists with respect to the timeliness of Plaintiff's claims for defamation.

**II.  Sanctions Under 28 U.S.C. § 1927**

Counsel for Plaintiff, J. Robert Cowan, was ordered to show cause why he should not be sanctioned pursuant to 28 U.S.C. § 1927 in the amount of Defendant's costs, expenses, and attorneys' fees reasonably incurred because of the frivolous

nature of Plaintiff's claims brought pursuant to Kentucky Revised Statutes Chapters 338 and 161. *See* DE 27.

In his response, Attorney Cowan argues that Plaintiff's claim under KRS Chapter 338 was not frivolous because KRS § 338.031 requires an employer to provide a workplace that is free from recognized hazards that are likely to cause death or serious physical harm. He contends that Defendant's treatment of Plaintiff reasonably constituted such a hazard because, as a result of Defendant's actions, Plaintiff contemplated suicide. Such a sweeping interpretation of the Kentucky Occupational Safety and Health Act ("KOSHA"), however, is not contemplated by § 338.011, which sets forth the General Assembly's statement of purpose and policy. Chapter 338 is based on the notion that "occupational accidents and diseases produce personal injuries and illness including loss of life as well as economic loss." KRS § 338.011. Related Kentucky Administrative Regulations include provisions pertaining to hand and power tool standards, 803 KAR 2:408, hazardous material standards, 803 KAR 2:307, toxic and hazardous substance standards, 803 KAR 2:320, and the like. Attorney Cowan has failed to cite any case law in which an occupational safety statute supported a claim for anything other than traditional workplace safety violations. It simply cannot be said that the alleged "hazards" here – i.e., Defendant's discriminatory practices – were likely to cause

11

death or serious physical harm to Plaintiff. *See* KRS § 338.031 (describing obligations placed on employers to ensure employee safety).

Attorney Cowan further contends that Plaintiff's claim under KRS Chapter 161 is not frivolous because Defendant knew that Plaintiff "regularly served as a substitute teacher . . . pursuant to the provisions of KRS Chapter 161." This Chapter contains no provision, however, under which Plaintiff could assert a private right of action against Defendant based on the facts as Plaintiff has presented them. In fact, Counsel's arguments constitute nothing more than speculation. For example, he asserts that Defendant's statements, including those made in response to Plaintiff's application for unemployment benefits, "were such that could have invoked investigation by the [Kentucky Educational Professional Standards Board]." He further speculates that these statements *could have* resulted in termination of Plaintiff's teaching certificate, thus, constituting contractual interference and interference with a prospective business advantage. First, it must stressed that, even if these arguments were supported by the facts, there is still no claim that arises under KRS Chapter 161. Further, a claim for tortious interference with a contract requires that the defendant's actions actually caused a contractual breach. *See Ventas, Inc. v. Health Care Property Investors, Inc.,* 635 F.

12

Supp. 2d 612, 619 (W.D. Ky. 2009). Tortious interference with prospective business advantage requires a defendant to intentionally interfere with a valid business relationship or expectancy, while harboring an improper motive. *See Monumental Life Ins. Co. v. Nationwide Retirement Solutions, Inc.,* 242 F. Supp. 2d 438, 450 (W.D. Ky. 2003). Plaintiff has alleged no facts that would satisfy any of these elements.

Based on the foregoing, the Court is satisfied that, at the time Plaintiff's Complaint was filed, Attorney Cowan should have known that the claims under KRS Chapters 338 and 161 were frivolous. Further, based on his explanation for asserting these claims, the Court is left puzzled as to his basis for asserting them in his two previous cases before this Court. Certainly, they were not so factually similar to the case at bar that those provisions just happened to be appropriate vehicles for redress in those cases, as well. Rather, it seems that counsel has exercised a boiler-plate approach to drafting complaints and simply included these allegations without giving them much – if any – thought. Counsel is admonished to consider seriously whether there is a factual basis for asserting claims before including them in complaints in the future.

13

### III. CONCLUSION

Based on the foregoing, **IT IS ORDERED:**

1) Plaintiff's retaliation claim under the Kentucky Civil Rights Act is **DISMISSED;**

2) Plaintiff's construed motion for motion for relief under Fed. R. Civ. P. 54(b) is **DENIED;**

3) Plaintiff is directed to **SHOW CAUSE,** within **ten (10) days** of the entry of this Order, why summary judgment should not be granted for Defendant on Plaintiff's defamation claim. Specifically, Plaintiff is directed to demonstrate that a genuine issue of material fact exists with respect to the timeliness of the defamation claim. Plaintiff's response **shall be limited** to the claim for defamation; and

4) Within **thirty (30) days** of the entry of this Order, counsel for Defendant shall file an itemization, supported by affidavit of counsel, of the costs, expenses, and attorneys' fees reasonably incurred in defense of Plaintiff's claims under KRS Chapters 338 and 161.

This the 5th day of June, 2012.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge